1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CARDELL VAN MATHIS,                    No. C-11-1085 TEH (PR)

12              Plaintiff,

13        v.                                ORDER OF DISMISSAL

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION,        Doc. ## 6, 7 & 11
15   et. al.,

16              Defendant(s).

17   _____/

18

19                                I

20        Plaintiff Cardell Van Mathis, a California state prisoner

21   currently on parole, filed this pro se civil rights action under 42

22   U.S.C. § 1983 alleging that Defendants violated his constitutional

23   rights concerning actions they took that led to the revocation of

24   his parole.  Plaintiff has been granted leave to proceed in forma

25   pauperis in a separate order.  For the reasons stated below, the

26   court DISMISSES the instant complaint.

27   //

28   //

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

## II

2      Federal courts must engage in a preliminary screening of

3 cases in which prisoners seek redress from a governmental entity or

4 officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

5 The court must identify cognizable claims or dismiss the complaint,

6 or any portion of the complaint, if the complaint "is frivolous,

7 malicious, or fails to state a claim upon which relief may be

8 granted," or "seeks monetary relief from a defendant who is immune

9 from such relief."  Id. § 1915A(b).  Pleadings filed by pro se

10 litigants, however, must be liberally construed.  Hebbe v. Pliler,

11 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police

12 Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must

14 allege two essential elements:  (1) that a right secured by the

15 Constitution or laws of the United States was violated, and (2) that

16 the alleged violation was committed by a person acting under the

17 color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

18

19                                  III

20      Plaintiff's civil suit against Defendants on account of

21 their actions that led to a revocation of Plaintiff's parole must be

22 DISMISSED WITHOUT PREJUDICE under the rationale of Heck v. Humphrey,

23 512 U.S. 477 (1994).  See Trimble v. City of Santa Rosa, 49 F.3d

24 583, 585 (9th Cir. 1995).

25      Generally, Heck bars claims challenging the validity of an

26 arrest, prosecution or conviction.  See Guerrero v. Gates, 442 F.3d

27 697, 703 (9th Cir. 2006).  Specifically, Heck bars a 42 U.S.C. §

28

2

United States District Court

For the Northern District of California

1983 action for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless the conviction or sentence first has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>Heck</u>, 512 U.S. at 486–87.   <u>Heck</u> also bars a challenge to the validity of the confinement resulting from a parole revocation hearing, as is the case here, until the parole board's decision has been reversed, expunged, set aside or called into question.  <u>See</u> <u>Littles v. Bd. of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5th Cir. 1995).  <u>Heck</u> therefore would bar any damages claim for the alleged improper actions by Defendants that led to the revocation of Plaintiff's parole if such a claim would implicate the validity of the parole revocation decision.

Because Plaintiff has not shown that the decision to revoke his parole has been reversed, expunged, set aside or called into question, his civil suit against Defendants is not cognizable under 42 U.S.C. § 1983.  <u>See</u> <u>Heck</u>, 512 U.S. at 487.

//

//

//

//

//

//

//

**3**

United States District Court
For the Northern District of California

1

IV

2          For the foregoing reasons, the action is DISMISSED WITHOUT

3 PREJUDICE.   The Clerk shall terminate all pending motions as moot

4 and close the file.

5

6          IT IS SO ORDERED.

7

8 DATED      _10/6/2011_           _____

9                                  THELTON E. HENDERSON
                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 G:\PRO-SE\TEH\CR.11\Mathis-11-1085-heck dismissal.wpd

28                                  4